UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samuel J. Samaro, Esq. (SS9328)
**PASHMAN STEIN**
A Professional Corporation
Court Plaza South
21 Main Street
Hackensack, New Jersey 07601
(201) 488-8200 (Telephone)

Counsel for Plaintiff,
 Beverly Roseman

| | |
|---|---|
| BEVERLY ROSEMAN,<br><br>                Plaintiff,<br><br>     v.<br><br>R. SISKIND & COMPANY, RICHARD SISKIND AND JON SISKIND<br><br>                Defendant. | CIVIL ACTION NO.<br><br>"ECF CASE"<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Beverly Roseman, by and through her attorneys, Pashman Stein, A Professional Corporation, by way of complaint against Defendant R. Siskind & Company, says:

### Nature of the Action

1.  This is an action alleging unlawful sexual harassment, disparate treatment because of gender and retaliation in violation of 42 U.S.C. §2000e-2(a) and 42 U.S.C. §2000e-3(a). Plaintiff also claims related breaches of the New York State Human Rights Law, 18 McKinney's §§290 et seq., and the New York City Human Rights Law, Administrative Code of the City of New York, §§8-101 et seq.

## Jurisdiction and Venue

2.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.  Plaintiff has exhausted her administrative remedies by filing a charge with the United States Equal Employment Opportunity Commission on October 14, 2004, and an Amended Charge on January 13, 2005.  A right to sue letter was issued on March 17, 2005.

3.   The Southern District of New York, Civil Division is a proper venue for this action, because the events and omissions complained of occurred within this district and both parties are residents of this District.

4.   The court has supplemental jurisdiction of the state law claims in the third and fourth counts of this Complaint pursuant to 28 U.S.C §1367.

## Parties

5.   Plaintiff, Beverly Roseman is an individual whose principal residence is located at 37 Joan Drive, Chappaqua, NY 10514.

6.   Defendant R. Siskind & Company ("R. Siskind") is, by information and belief, a Corporation authorized to conduct business in the State of New York.  R. Siskind's principal place of business is located at 1385 Broadway, New York, NY 10018.

7.   Defendant Richard Siskind is the Chief Executive Officer of R. Siskind & Company.

2

8.   Defendant Jon Siskind is the son of Richard Siskind and is a Vice President of R. Siskind & Company. By information and belief, Jon Siskind was promoted to President after Plaintiff's termination.

### Facts Common to All Claims for Relief

9.   Plaintiff Beverly Roseman was a senior executive employed by defendant R. Siskind & Company ("Siskind" or "Defendant").  She commenced employment with Siskind on or about January 1, 1992 in Los Angles, California.  In or about December of 1992, her position was relocated to Siskind's principal place of business in New York and worked there until her discharge on June 29, 2004.  She held various positions with defendant, the last of which as Vice President in charge of Merchandising, Accounting, Human Resources, Information Technology and Buying. Plaintiff was a highly-regarded employee who consistently received favorable performance evaluations, job promotions and commensurate increases in compensation.

10.   Throughout Plaintiff's tenure with R. Siskind & Company, she reported to its Chief Executive Officer, Richard Siskind.  She also worked with the Richard Siskind's son, Jon Siskind, whose title was also Vice President at the time that Plaintiff was terminated.

11.   Approximately six months after Plaintiff began work at R. Siskind & Company, she and Richard Siskind commenced a sexual

3

relationship that lasted until approximately March of 1997. After Plaintiff broke off the relationship, Richard Siskind became alternately abusive and cajoling, and remained so until Plaintiff's termination on June 29, 2004.

12.   Specifically, ever since the relationship ended, Richard Siskind tried to persuade Plaintiff to resume it, asking her to go on business trips with him, have dinner with him, work late and so on.  When Plaintiff refused, he often became abusive. On one particular occasion in August 1998, while Plaintiff was on a business trip Las Vegas, Richard Siskind phoned her constantly, ultimately referring to her as a "fucking cunt" because she refused to give into his request that she see him. Because of that incident, and because Mr. Siskind would not stop hounding her, Plaintiff tendered her resignation in September 1998.  In November 1998, Mr. Siskind called Plaintiff and asked her to come back to work, promising to behave himself and not bother her. Plaintiff thereafter met with Richard and Jon Siskind, and all three discussed how they would work together to build the business.

13.   Despite Richard Siskind's promise, he continued to hound Plaintiff about resuming the relationship, and to mistreat her for refusing his demands, until a time shortly before she was terminated.

4

14.  Richard Siskind made frequent demeaning and degrading comments about women during Plaintiff's entire tenure with R. Siskind and often called women inappropriate sexual and other derogatory terms in the office.  He would scream and curse at the women in the office if something set him off.  He hired many young women over the years and most left because of the abuse. He did not treat men in a similarly disrespectful way.

15.  Richard Siskind referred to Plaintiff in offensive and derogatory ways on numerous occasions, both when they were alone and in front of other people.  On numerous occasions, he barged into Plaintiff's office, yelling at her and calling her names while she was on the phone.  On some occasions, after Plaintiff rejected his advances, he would refuse to leave her office, or block her exit.  When she managed to escape from him, he would phone her incessantly, including late at night.

16.  Richard's son, Jon Siskind, seemed to take his cue from his father.  He threw objects at women in hysterical angry rages, once throwing a chair at a woman named Stacy Kasen and breaking a glass conference table.  Another time, he threw a set of dishes and a salad at the woman who cleaned the offices.  He frequently made observations about women's body parts and touched a number of women inappropriately.  Because, like his father, Jon Siskind demeaned and degraded the women who worked for him, many of them quit rather than continue to suffer the abuse.

17.  Jon Siskind frequently directed similar abuse toward Plaintiff.  On one occasion, he kicked Plaintiff's filing cabinet so hard that the drawers ceased to open.  Despite the fact that they were equal in rank, Jon Siskind treated Plaintiff like a subordinate.  By information and belief, he would not have treated Plaintiff that way if she were a male.

18.  The actions of Richard Siskind and Jon Siskind were physically threatening and humiliating and increasingly interfered with Plaintiff's ability to do her job.

19.  On or about May 21, 2004, after one of Jon Siskind's tirades in the office, Plaintiff objected to this treatment in a memo to him dated May 21, 2004 in which she stated, "It is my personal opinion that you have a difficult time dealing with women in positions of authority. I have arrived at this opinion after many years of watching you interact with other women, as well as through my own interactions with you.  I am certain that I am not the only current or former employee who holds this opinion.  I would like to meet with you and Richard to discuss my concerns and observations."  After that time, Jon Siskind's hostility toward Plaintiff increased and on June 29, 2004, he fired her.

20.  After being terminated from her employment, Plaintiff retained an attorney to protect her legal rights and to initiate a discrimination complaint against R. Siskind.

6

21.   On or about October 12, 2004, Plaintiff's counsel forwarded Plaintiff's EEOC Charge form to the EEOC for filing.  A courtesy copy of Plaintiff's original charge was sent to Barry Fertel, Esq. of Gersten, Savage, Kaplowitz, Wolf & Marcus, R. Siskind's attorneys.

22.   On or about October 18, 2004, Steven R. Popofsky, Esq., another attorney at Gersten, Savage, Kaplowitz, Wolf & Marcus, called the work telephone number of the person Plaintiff is currently dating, and left a voice message indicating that R. Siskind had retrieved Plaintiff's "intimate email exchanges" with him, and then threatened that, "[i]f we have to litigate on Siskind's behalf...we're going to sue her to recover back her salary for all the days she wasn't working and sue you for tortious interference with the contract as well."

23.   Mr. Popofsky's message, on behalf of R. Siskind, was made in direct response to Plaintiff's having filed an EEOC charge against R. Siskind.  Its sole purpose was to intimidate Plaintiff and coerce her to drop her EEOC charge.

### FIRST COUNT
**(Sexual Harassment under 28 U.S.C. §2000e-2(a))**
**(R. Siskind & Co. only)**

24.   Plaintiff incorporates by reference paragraphs 1 to 23 of this Complaint as if set forth in full herein.

25. The acts complained of, both directed at Plaintiff and those directed at other women that Plaintiff observed, were so severe or pervasive that they altered the conditions of Plaintiff's employment and created an abusive working environment. Such conduct constitutes sexual harassment in violation of 28 U.S.C. §2000e-2(a).

26. R. Siskind & Co. is vicariously liable for the acts of Richard Siskind and Jon Siskind because such individuals exercised authority over Plaintiff on behalf of R. Siskind & Co. and because their actions resulted in a tangible job action, to wit, Plaintiff's termination.

27. As a direct result of the unlawful conduct at R. Siskind & Company, Plaintiff has suffered monetary loss as well as experienced serious mental anguish, anxiety, and emotional and physical distress.

## SECOND COUNT
### (Disparate Treatment under 28 U.S.C. §2000e-2(a))
### (R. Siskind & Co. only)

28. Plaintiff incorporates by reference paragraphs 1 to 27 of this Complaint as if set forth in full herein.

29. Plaintiff was qualified for her position, was performing her job responsibilities in a manner that met R. Siskind and Company's reasonable expectations and was fired because of her gender. Such conduct constitutes unlawful disparate treatment discrimination.

8

30.   As a direct result of the unlawful conduct at R. Siskind & Company, Plaintiff experienced monetary loss as well as serious mental anguish, anxiety, and emotional and physical distress.

### THIRD COUNT

**(Retaliation under 28 U.S.C. §2000e-3(a))**
**(R. Siskind & Co. only)**

31.   Plaintiff incorporates by reference paragraphs 1 to 30 of this Complaint as if set forth in full herein.

32.   The threats made on behalf of R. Siskind & Company to coerce Plaintiff to withdraw her EEOC Charge constitute retaliation and are a violation of 28 U.S.C. §2000e-3(a).

33.   As a direct result of the unlawful conduct at R. Siskind & Company, Plaintiff experienced monetary loss as well as serious mental anguish, anxiety, and emotional and physical distress.

### FOURTH COUNT

**(Violation of New York State Human Rights Law)**
**(All Defendants)**

34. Plaintiff incorporates by reference paragraphs 1 to 33 of this Complaint as if set forth in full herein.

35. The acts complained of above constitute actionable sexual harassment and retaliation under the New York State Human Rights Law, 18 McKinney's §§290 et seq.

36.   Richard Siskind and Jon Siskind are individuals who participated in the discriminatory conduct and who have ownership

9

interest in R. Siskind & Company or power to hire and fire and as such have individual liability under the New York State Human Rights Law.

37. The unlawful employment practices complained of above were intentional.

38. As a direct result of Defendants' unlawful conduct, Plaintiff experienced monetary loss as well as serious mental anguish, anxiety, and emotional and physical distress.

## FIFTH COUNT
### (Violation of the New York City Human Rights Law)
### (All Defendants)

39. Plaintiff incorporates by reference paragraphs 1 to 38 of this Complaint as if set forth in full herein.

40. The acts complained of above constitute a violation of the New York City Human Rights Law, Administrative Code of the City of New York, §§8-101 et seq.

41. Richard Siskind and Jon Siskind are individuals who participated in the discriminatory conduct and/or abetted the commission of the discriminatory practices and as such have individual liability under the New York City Human Rights Law.

42. The unlawful employment practices complained of above were intentional.

43. As a direct result of Defendants' unlawful conduct, Plaintiff experienced monetary loss as well as serious mental anguish, anxiety, and emotional and physical distress.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff Beverly Roseman seeks judgment against Defendants as follows:

First, Second and Third Counts against Defendant R. Siskind & Company:

    a.  Equitable relief, including back-pay, lost social security contributions, lost employment benefits and reinstatement or, in lieu thereof, front-pay;

    b.  Compensatory damages;

    c.  Punitive damages;

    d.  Attorneys fees and costs of suit; and

    e.  Such other and further relief as the Court deems equitable and just.

Fourth Count against Defendants R. Siskind & Company, and Richard Siskind and Jon Siskind, individually:

    a.  Equitable relief, including back-pay, lost social security contributions, lost employment benefits and reinstatement or, in lieu thereof, front-pay;

    b.  Compensatory damages;

    c.  Attorneys fees and costs of suit; and

    d.  Such other and further relief as the Court deems equitable and just.

Fifth Count against Defendants R. Siskind & Company, and Richard Siskind and Jon Siskind, individually:

    a.   Equitable relief, including back-pay, lost social security contributions, lost employment benefits and reinstatement or, in lieu thereof, front-pay;

    b.   Compensatory damages;

    c.   Punitive damages;

    d.   Attorneys fees and costs of suit; and

    e.   Such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**PASHMAN STEIN**
A Professional Corporation

Dated:  June 13, 2005
         Hackensack, NJ

By:   _____
**SAMUEL J. SAMARO (SS9328)**
Court Plaza South
21 Main Street
Hackensack, NJ  07601
(201) 488-8200 (Telephone)
(201) 488-5556 (Fax)

ssamaro@pashmanstein.com

Attorneys for Plaintiff,
  **Beverly Roseman**